(November 21, 1985)

■ FLORE DE LA CADENA, Petitioner, v CESAR A. PERALES, as New York State Commissioner of Social Services, Respondent.—Petition to review the determination of respondent dated February 9, 1984, finding petitioner guilty of violating the rules and regulations of the State Department of Social Services Medical Assistance Plan and permanently disqualifying her from further participation in the plan, granted to the extent only of annulling the penalty imposed and remanding the matter to respondent for reconsideration of the penalty and, except as so modified, confirmed, without costs.

Petitioner is a pediatrician. She studied medicine in her native Colombia. She arrived in this country in 1972, and

from 1975 to 1977, interned at Bronx Lebanon Hospital. Thereafter, she practiced her profession in the Hispanic communities of the city.

In 1982, petitioner rented space in a shared health facility located on University Avenue in the Borough of The Bronx. The lease entered into by her fixed the rental on the basis of a percentage of her monthly earnings. The bulk of her patients fell within the ambit of the New York State Plan For Medical Assistance for Needy Persons (commonly referred to as Medicaid), which, so far as here applicable, is governed by Social Services Law, article 5, title 11 (§§ 363-369) and article 47 of the Public Health Law (§§ 4702-4718). Section 4708 (1), expressly forbids the letting of space to providers in a shared health facility on the basis of "a percentage of earnings or billings of the provider". Such practice is also forbidden by the regulations of the State Social Services Department (18 NYCRR 515.2 [b] [15J]).

Petitioner was charged with violating the law and the regulations. Additionally, she was criminally prosecuted for the violation under Public Health Law § 12-b (2), which makes willful violation of the law and regulations punishable by imprisonment or fine. Petitioner pleaded guilty to four counts of violating Public Health Law § 12-b (2) and was fined a total of $7,500.

Thereafter, this matter proceeded to hearing. The guilt of petitioner was clearly established by substantial evidence. In mitigation, petitioner testified that after she was charged and an interim suspension imposed pending the hearing, she relocated in another shared health facility where she was the only Spanish-speaking pediatrician in a heavily populated Hispanic area. She rendered her services to persons who would normally have been Medicaid patients, without fee, because otherwise they would have been unable to obtain pediatric care for their children. Indeed, at the request of her colleagues at the shared health facility, she has continued to do so in light of their inability to obtain another pediatrician to take her place. How much longer this can continue is questionable in light of the fact that the vast bulk of petitioner's pediatric patients are those who qualify for Medicaid.

We are aware of the public interest to be served by strict enforcement of the law and regulations. Nevertheless, bearing in mind the peculiar circumstances of this case, we are of the opinion that the permanent disqualification of Dr. De La Cadena from participation in the Medicaid program

will be more harmful to those intended to be served by the program than the benefit to be derived in making petitioner an example to the medical community. Dr. De La Cadena has already pleaded guilty to four counts of violation of the law—criminal acts—and has been fined the sum of $7,500. If petitioner is suspended from participation in the Medicaid program for a period of one year, we think the medical community will be sufficiently impressed by the severity of the penalty to deter others from making the same mistake as petitioner. Accordingly, we modify to remand to respondent solely for reconsideration of the penalty to be imposed. Concur —Murphy, P. J., Kupferman, Ross, Bloom and Rosenberger, JJ.